{¶ 40} In this case, a convoy of four vehicles containing vice officers responded to a late-night complaint about drug activity, fighting, males hanging out and loud music at the address where appellant was found. The house was dilapidated and appeared to have been abandoned. According to Detective Spencer, "[i]n the year 2007, it is safe to say we have made about six or seven buy/busts in that general area, within a couple houses of where" appellant was arrested.
 {¶ 41} When the police arrived, there were two groups of men, some on the porch and some on the lawn. Detective Spencer stated that his "experience told [him] that the people on the lawn could actually be antagonists, because there seemed to be a slight separation." "A few" seemed "agitated."
 {¶ 42} In my opinion, the totality of the circumstances provided the police with a reasonable suspicion of criminal activity sufficient to warrant detaining the persons present to investigate further. The citizen complaint about fighting was corroborated by additional articulable facts, including the number of persons present, their division into two groups, and the fact that some of the participants were agitated. In an area with a reputation for drug activity, fighting is likely to involve weapons. *Page 15 
 {¶ 43} A reasonable articulable suspicion of drug activity (which also often involves weapons) also existed, based on the citizen report of drug activity, the lateness of the hour, the reputation of the area for drug activity, and the flight of one of the participants into the house.
 {¶ 44} While the suspicions of criminal activity had not focused on any particular persons within the group, except perhaps for the person who fled into the house, this fact did not preclude the police from detaining all of those present until they could ascertain what had transpired. Furthermore, "the police officers were justified in conducting a Terry-type search or pat-down frisk of the patrons for the safety of the officers themselves, since there was a reasonable suspicion that one or more of the patrons might be armed and the officers could protect themselves only by conducting aTerry-type search of all of the patrons, since there is no indication that the officers had any basis for differentiating among the patrons."Columbus v. Wright (1988), 48 Ohio App.3d 107, 111.
 {¶ 45} Accordingly, I dissent. *Page 1